IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JERRY LEE KELLER, | ) | Cause No. CV 06-03-H-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana | ) | |
| State Prison, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On January 17, 2006, Petitioner Jerry Lee Keller moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. That motion was granted in a separate Order. Keller is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

response or "to take other action the judge may order."  Id.

## II. Keller's Allegations

Keller alleges that he was released from Montana State Prison on October 29, 2000, and spent 1,445 days on probation before he was arrested on new criminal charges in the State of Washington in March, 2004.  He was sentenced in Washington on August 25, 2004, and discharged that sentence on the same day.  See Pet. (Court's doc. 1-1) at 2.

After Keller was arrested in Washington, on April 29, 2004, the State of Montana filed a petition to revoke his thirteen-year suspended sentence.  He was transferred to Montana on September 15, 2004, and on October 13, 2004, his suspended sentence was revoked.  He was sentenced to serve thirteen years in prison, and he was given credit for 2 years and 3 months spent in jail and on probation.  Id. at 2-3.

The judgment revoking Keller's sentence reflects that a petition to revoke the suspended sentence was initially filed on May 16, 2002.  Keller appeared for a hearing on December 4, 2002, and admitted two of the three charged violations.  On March 12, 2003, his suspended sentence was continued and additional conditions were imposed.  As its reason for imposing this sentence, including the amount of credit for time served, the trial court referred to "the recommendations of counsel."  See Second Judgment on Revocation (Court's doc. 1-2) at 1-2.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Keller contends that he is entitled to credit for 1,445 days served on probation and in jail before his suspended sentence was revoked. Since he received credit for only 820, he claims that 625 more days must be credited against his remaining sentence, thus advancing both his discharge date and his parole eligibility date. Pet. at 3-4.

At some point, Keller filed a petition for writ of habeas corpus in the Montana Supreme Court. The petition was denied. See Keller v. Mahoney, No. 05-369 (Mont. Aug. 10, 2005). Because Montlaw was sold to Lexis, and because Lexis has not incorporated all of Montlaw's databases, the Court no longer has access to most habeas and postconviction decisions of the Montana Supreme Court.

## III. Analysis

There is no federal right to credit for time served.[1]  Keller

---

[1] Keller asserts that he is entitled to relief under the due process and equal protection clauses of the Fifth and Fourteenth Amendments. The due process clause of the Fifth Amendment plays no particular role here, since the Fourteenth Amendment has its own due process clause, and it is explicitly directed to the States. Only the Fourteenth Amendment's due process guarantee is implicated.

Moreover, Keller has not identified any equal protection claim. Presumably he asserts that he is entitled to credit if other Montana prisoners would have received it. However, he does not suggest there is any evidence that other prisoners in his position have received credit for time served in identical circumstances, and even if he could show that, an equal protection claim requires him to show some impermissible basis of discrimination – such as his race or his gender – between his own case and other prisoners' cases. He does not suggest that there is any such basis.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

could state a claim for federal habeas relief only if state law clearly entitles him to the credit he seeks – so clearly entitles him that he has a liberty interest in receiving the credit in question. See, e.g., Hicks v. Oklahoma, 447 U.S. 343, 346 (1979) (holding that defendant's "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion" under state law constituted liberty interest of which defendant could not be deprived without due process).

Montana law provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit, however, must be allowed for time served in a detention center or home arrest time already served.

Mont. Code Ann. § 46-18-203(7)(b) (1999).[2]

This statute leaves the matter of credit for time served in the judge's discretion, except as to any time served in jail. See, e.g., State v. Senn, 66 P.3d 288, 293 ¶ 29 (Mont. 2003) (finding no abuse of discretion in court's refusal to grant credit for time served on probation). Therefore, Keller had a liberty interest

---

[2] Keller was originally sentenced on September 29, 1999. See CON Network, http://app.mt.gov/conweb (updated Jan. 9, 2006). There has been no change to subsection (7)(b) of the statute since then.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

only in receiving credit for time he served in jail after October 29, 2000, that is, according to the allegations of his Petition, from March 2004 to October 13, 2004. Even if he was incarcerated between May 16, 2002, and March 2003, he still had no liberty interest in receiving the 820 days' credit he actually received. Accordingly, his liberty interest under state law was not violated, and he can claim no federal right to habeas relief.

**IV. Certificate of Appealability**

    **A. Governing Standards**

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. Id.

**B. Discussion**

Despite the paucity of Keller's factual allegations regarding when he was in jail and when he was on probation, it is clear that he was not in jail for all 1,445 days between his release from prison on October 29, 2000, and the revocation of his suspended sentence on October 13, 2004. At most, he spent about 18 months in jail. State law entitled him to credit only for time served in jail, not for time served on probation. He received credit for 820 days, far more than 18 months. Consequently, he was not deprived of a state-created liberty interest without due process. There is no federally-created liberty interest to credit for time served. Reasonable jurists would not find any other basis for federal

relief.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Keller's Petition (Court's doc. 1) should be DENIED on the merits and a certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner.  Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Keller must keep the Court informed of any change in his mailing address</u>.

DATED this <u>7th</u> day of September, 2006.

> /s/ Carolyn S. Ostby
> Carolyn S. Ostby
> United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7