```
                              FILED
                          MISSOULA, MT

                       2006 OCT 3 PM 3 54
                          PATRICK E. DUFFY
                       BY _____
                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JERRY LEE KELLER, | ) | CV-06-03-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, Warden, | ) | |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation (dkt #5) in this matter on September 7, 2006. Petitioner Keller timely objected and so is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The Court agrees with Judge Ostby's Findings and Recommendation.

Petitioner is a state prisoner who is *pro se* seeking to proceed *in forma pauperis* for a writ of habeas corpus under 28 U.S.C. § 2254. The Parties are familiar with the procedural and factual background so they will not be recited.

Keller seeks credit for time served on probation under the due process and equal protection clauses of the 5th and 14th Amendments, but there is no federal right to time served. His

claim for habeas relief is only valid if state law grants him a right to time served. The underlying state law must delineate this right clearly such that there is a liberty interest in this right. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1979). That was not the case in Montana for time served on probation. See Mont. Code Ann. § 46-18-203(7)(b) (1999). Judge Ostby rightly found that Keller only had a liberty interest in his time served in jail. Thus, he has no federal right to habeas relief.

Nor should Keller be given a certificate of appealability where he has not made a substantial showing of the denial of a constitutional right. *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). Judge Ostby found that it was clear that of the 1445 days that he claims he should receive credit for, he was in jail for at most 18 months. He received credit for 820 days.[1] The Court finds no reason to disagree with Judge Ostby's observations where Keller has not made a substantial showing that he either served more time in jail or that pursuant to the habeas analysis he had a federal right to receive credit for time on probation.

---

[1] In his objection Keller calls attention to Judge Jeffrey Langton's holding in the Second Judgment on Revocation of Suspended Sentence. Keller comments that he did not see that Judge Ostby referenced this and that Judge Langton had credited him for "time served on probation and jail time of 2 years and 3 months against said sentence." That is indeed what the Judgment states, but the Court interprets that to mean that cumulatively he would receive 2 years and 3 months credit for time served on probation and jail time (approximately 820 days). Otherwise, Judge Langton would have specified time quantities for both probation and jail time.

Thus, based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendations (dkt #5) are adopted in full:

Keller's Petition is DENIED (dkt #1) on the merits and the certificate of appealability is DENIED.

DATED this 3rd day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court